## IN THE MATTER OF MASU SUZUKI.

### March 7, 1910.

*Retrospective operation of statutes—Vested interests as affected by subsequent statutes:* An alien woman having lawfully entered the country and acquired a domicile, may not be deported for conduct which was made a ground of deportation by a subsequent statute.

*Habeas Corpus:* Petition for writ.

*J. W. Cathcart* and *F. W. Milverton,* Attorneys for Petitioner.

*R. W. Breckons,* U. S. District Attorney, for Respondent.

DOLE, J. This petition is brought on similar grounds to that of Shigematsu Umeno, the decision in which case is of this date. The two cases were argued together and one brief filed on each side for the two cases. The findings in the Umeno case on the first three points stated in petitioners' brief apply to this case. The fifth point stated in such brief involves this case alone. It is as follows: " Does the act of February 20, 1907, apply to aliens entering the United States prior to the passage and going into effect of the act?"

Petitioner arrived in Honolulu on the 8th day of February, 1907; the act, as stated, was approved February 20, 1907, but did not go into effect until July 1, 1907, and sections of it still later. In the case of *Chew Heong v. United States,* 112 U. S. 536, a Chinese laborer had left the United States for China, with a return permit. During his absence a new law was passed forbidding the landing of such Chinese persons as himself. He returned on his permit and was refused a landing and applied for a writ of *habeas corpus.* The case finally reached the Supreme Court which decided that he was entitled to land under the rule that "the courts uniformly refuse to give to statutes a retrospective operation, whereby rights previously vested are injuriously affected, unless compelled to do

so by language so clear and positive as to leave no room to doubt that such was the intention of the legislature." This rule is clearly supported by other Supreme Court cases.

Does this rule apply to the case of Suzuki?

In the case of *In re Lea,* 126 Fed. Rep. 234, the court ruled that the authority conferred on the Secretary of the Treasury by section 21 of the act of March 3, 1903 (32 Stat. L. 1218) to cause the deportation of aliens found in the United States in violation of said act, did not extend to aliens who entered the country before its passage and when their entry was lawful, and that such aliens were not answerable to the authority conferred by such act upon the administrative department of the government.

This court, in the case of *United States v. Ichitaro Ishibashyi,* tried April 5, 1909, charged the jury that although the act which is the same as that under which these proceedings are brought "did not go into effect until July 1, 1907, yet, even though the woman in question arrived before July 1, 1907, the * * * harboring of her for such immoral purpose within three years of the date of her arrival, would be within the inhibition of the statute." Ichitaro was on trial for a criminal offense and had no right of such harboring at any time either before or after the law went into effect, so that the rule making the law apply to such case would not logically include within the statute the case of a woman under civil proceedings who had legally come into the country and acquired a domicile before the statute had begun to run, inasmuch as she had acquired thereby a vested interest, according to the *Chew Heong* case, which could not be taken away by subsequent legislation. As there is nothing to show that she entered the country illegally, it must be presumed that her entrance was lawful.

On this point therefore the writ is allowed and the petitioner released from custody.